MICHAEL LEHNERS, ESQ.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331
(775) 786-1695
email michaellehners@yahoo.com
Attorney for Chapter Eleven Trustee
Allen Dutra

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

oOo

IN RE

DOYLE G. SUTTON and ANN T. SUTTON,

Debtor(s).
_____/

BK-N- 11-52193
CHAPTER 11
Hearing Date:_____
and Time:_____
Mtn No. _____
Est Time: 5 Minutes

<u>MOTION TO SELL PROPERTY OF THE ESTATE</u>

COMES NOW Chapter Eleven Trustee, Allen Dutra by and through undersigned counsel and files the following Motion to Sell Property of the Estate. This motion is made and based upon the pleadings on file herein and the Memorandum of Points and Authorities attached hereto.

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

The Debtors filed their petition under Chapter Eleven of Title Eleven, United States Code on July 5, 2011. On December 14, 2012 the U.S. Trustee filed a motion to convert to chapter seven or to dismiss (Docket No. 164). On January 15, 2013 this Court entered an Order appointing a Chapter Eleven Trustee (Docket No. 186). Allen Dutra was approved by the Court as the Chapter Eleven Trustee (Docket No. 189).

The Debtors have a 1978 Chevrolet Corvette, Silver Anniversary Model. The car has a four speed transmission and 8,000 miles. It is the more desirable L-82

1

engine as opposed to the L-48. It is a clean car, but not in showroom condition. The Trustee wants to sell this vehicle directly to Michael and Shirley Caviness for $9,000.00. This sale is subject to approval by this Court, and overbids by other interested parties, if any.

## Argument

1. <u>LEGAL STANDARD</u>

This is a sale of assets not in the ordinary course of business. 11 U.S.C. §363(b)(1) provides in relevant part:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate, except that if the debtor in connection with offering a product or a service discloses to an individual a policy prohibiting the transfer of personally identifiable information about individuals to persons that are not affiliated with the debtor and if such policy is in effect on the date of the commencement of the case, then the trustee may not sell or lease personally identifiable information to any person unless-- . . .

The court's obligation in a sale under §363(b) is to assure that optimal value is realized by the estate under the circumstances. The requirement of a notice and hearing operates to provide both a means of objecting and a method for attracting interest by potential purchasers. Ordinarily, the position of the trustee is afforded deference, particularly where business judgment is entailed in the analysis or where there is no objection. <u>In re Lahijani</u>, 325 B.R. 282, 288-289 (9th Cir.BAP 2005).

This deference is not unlimited, for a Trustee must make some investigation as to the merits of a sale. <u>In re Fitzgerald</u>, 428 B.R. 872 (9th Cir.BAP 2010).

In the case at bar, counsel has researched the value of this automobile. Specifically, he spoke to Robert Rankin, who has been designated as an expert witness on classic car values in the *Perry Edward Hvegholm* adversary with Trustee Knudson, Adv. No. 12-5002. Counsel discussed the specific characteristics of the car which increase its value, the 4 speed and L-82 options along with the low mileage. Mr. Rankin checked ebay.com for completed sales of Silver Anniversary Corvettes,

2

he also reviewed the Corvette Trader and the Auto Trader. These three sources are among the most common to sell older cars of this nature. Mr. Rankin concluded that the value range of these cars is between eight and ten thousand dollars.

In this case, it is a direct sale, which eliminates the 15% auction commission, and the Caviness buyers have already tendered a check to the Trustee for the Nine Thousand Dollars.

2.   <u>FED. BANK. R. PRO. 6004</u>

The notice referred to in §363(b)(1) is governed by Fed. R. Bank. Pro. 6004(a), which requires notice of the proposed sale to be given within the time provided by Fed. R. Bank. Pro. 2002(a)(2), which is 21 days. However, this period has been expanded to 28 days under Local Rule 9014(a)(1)

Fed. R. Bank. Pro. 6004(a) references Fed. R. Bank. Pro. 2002(c), which requires the movant to give notice of the time and place of any public sale, the terms and conditions of any private sale and the time fixed for filing objections.

Fed. R. Bank. Pro. 6004(a) references Fed. R. Bank. Pro. 2002(i) and (k) which require notice to be served upon any creditor's committee elected under §1102 of the Bankruptcy Code and the Office of the United States Trustee, respectively.

Fed. R. Bank. Pro. 6004(c) requires service on the parties who have liens or other interests in the property to be sold. There are no liens on this vehicle.

Fed. R. Bank. Pro. 6004(f) authorizes both private sales or public auctions. In addition, an itemized statement of the property sold, the name of each purchaser, and the price received for each item or lot or for the property as a whole if sold in bulk shall be filed on completion of a sale. In the case at bar, the property is one item.

Fed. R. Bank. Pro. 6004(g) is not applicable as the sale does not involve the sale of any personally identifiable information.

3.   <u>LOCAL RULE 6004</u>

LR 6004(b)(3) requires a copy of a proposed order. A draft of the order in this case has been attached hereto as Exhibit "1".

LR 6004(b)(6) does not apply as it only governs sales in a non-individual chapter eleven.

4. <u>CONCLUSION</u>

The Trustee has the authority to sell the Corvette under §363(b)(1) of the bankruptcy code. The assets being sold are not subject to any liens or encumbrances. The Trustee has conducted a reasonable investigation into the value of the car. For those reasons, the Trustee respectfully requests that the sale be approved.

Dated: This __15__ day of __April__, 2013

By: _____
Michael Lehners, Esq.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331

4

# Exhibit 1

Exhibit 1

MICHAEL LEHNERS, ESQ.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331
(775) 786-1695
email michaellehners@yahoo.com
Attorney for Chapter Eleven Trustee
Allen Dutra

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

oOo

IN RE

DOYLE G. SUTTON and ANN T. SUTTON,

        Debtor(s).
_____/

BK-N- 11-52193
CHAPTER 11
Hearing Date:_____
and Time:_____
Mtn No. _____
Est Time: 5 Minutes

<u>ORDER GRANTING MOTION TO SELL PROPERTY OF THE ESTATE</u>

THIS MATTER came before the Court on the Chapter Eleven Trustee's Motion to Approve the Sale of the Debtors' 1978 Chevrolet Corvette, Silver Anniversary Model. Appearances were noted on the record. The Court reviewed the matters before it. Good cause appearing therefore, the Court finds and Orders as follows

### **FINDINGS OF FACT**

1

1. The Debtors are the owners of the Corvette which is more fully described in the Chapter Eleven Trustee's Motion to Sell Property of the Estate.

2. The Chapter Eleven Trustee's Motion to Sell Property of the Estate was properly noticed.

3. At the hearing on this matter, the Court asked if there were other interested parties who wished to bid on the Corvette. No bids were received.

4. The Corvette has no liens against it.

5. Michael and Shirley Caviness have offered to purchase the Corvette for $9,000.00. This sum has already been paid to the Chapter Eleven Trustee.

6. The Court finds that the Chapter Eleven Trustee has made a reasonable investigation with respect to the fair market value of the Corvette which are detailed in his motion.

7. Michael and Shirley Caviness are good faith purchasers entitled to the safe harbor provisions of 11 U.S.C. §363(m).

8. Any finding of fact which is more appropriately deemed to be a conclusion of law shall be so deemed.

## CONCLUSIONS OF LAW

1. Cause exists to waive the 14 day period in Fed. R. Bank. Pro. 6004(h), so this Order shall be effective immediately upon entry on the docket.

2. Any conclusion of law which is more appropriately deemed to be a finding of fact shall be so deemed.

NOW THEREFORE, IT IS HEREBY ORDERED that the sale to Michael and Shirley Caviness is approved.

IT IS FURTHER ORDERED that the Debtors shall cooperate with this sale to the extent necessary to allow title to be transferred to Michael and Shirley Caviness along with delivery of the Corvette. Should they be unable to do so, then Allen Dutra, as the Trustee of this Estate, shall have the power to sign any and all documents necessary to effect the transfer.

IT IS FURTHER ORDERED that the 14 day period in Fed. R. Bank. Pro. 6004(h) is waived and that this Order shall be effective immediately.

Dated: _____


_____
Michael Lehners, Esq.
Attorney for Allen Dutra

# # #